UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OLIVER WEDDINGTON, | Case No.: 21-10646 |
| Plaintiff, | Bernard A. Friedman |
| v. | United States District Judge |
| CITY OF DETROIT, *et al.*, | Curtis Ivy, Jr. |
| Defendants. | United States Magistrate Judge |
| _____/ | |

## ORDER DENYING DEFENDANTS' MOTION TO COMPEL (ECF No. 36) AND TERMINATING AS MOOT PLAINTIFF'S MOTION TO COMPEL (ECF No. 43)

**I.   PROCEDURAL HISTORY**

Plaintiff Oliver Weddington ("Plaintiff") filed this civil rights case against the City of Detroit, Quentin Glover, and Devon Johnson ("Defendants"). (ECF No. 1).

Before the Court are two resolved motions (ECF Nos. 34, 43) and Defendants' motion to re-depose Plaintiff. (ECF No. 36). The Court heard oral argument on the motion to re-depose Plaintiff on October 24, 2022, and obtained supplemental briefing (ECF Nos. 51, 52). The matter is now ready for determination.

**II.   ANALYSIS**

   **A. Resolved Motions**

Plaintiff moved to strike Defendants' lay witness, Benjamin Atkinson, from the witness list and to preclude his testimony at trial. (ECF No. 34). On November 9, 2022, Plaintiff filed a notice of withdrawal of that motion. (ECF No. 53). Given this notice, the motion is **TERMINATED AS MOOT**.

Plaintiff moved to compel Defendants to provide supplemental responses to Plaintiff's second request for production of documents. (ECF No. 43). The parties filed a stipulated order that Defendants must provide thorough responses on or before November 3, 2022. Since this motion has been resolved by the parties, Plaintiff's motion to compel (ECF No. 43) is **TERMINATED AS MOOT**.

### B. Standards for Unresolved Motion

Parties may obtain discovery of any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b). The Court should limit the frequency of discovery if the discovery is unreasonably duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i). "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

A party may depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). Leave of the court is required to depose a deponent a second time, and that leave must be granted to the extent consistent with Fed. R. Civ. P. 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2)(A)(ii).

### C. Discussion

Defendants argue that Plaintiff's counsel improperly obstructed Plaintiff's deposition by instructing him not to answer questions without asserting an appropriate privilege or suggesting answers which he adopted. (ECF No. 36, PageID.333). Defendants also assert that the deposition was interrupted with connection problems and background noise. Thus, Defendants seek an order compelling Plaintiff to submit to another deposition and a protective order preventing Plaintiff's counsel from interjecting at that deposition. (*Id.* at PageID.335-36). Plaintiff contends Defendants must show good cause to re-take a deposition after discovery, which Defendants failed to do. (ECF No. 40).

As noted, a party must obtain leave of court to re-depose a deponent. The court may grant leave if it complies with the scope of discovery under Fed. R. Civ. P. 26(b). Fed. R. Civ. P. 30(a)(2)(A)(ii). While some courts have required a showing of good cause, *see Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 2009 WL 861733, at \*4 (S.D. Cal. Mar. 25, 2009); *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996), others decline to find a good cause

standard in Rule 30(a)(2). Instead, some courts deny a motion for a second deposition based on Rule 26(b)(2)(C)(ii), which allows the Court, on motion or on its own, to limit the frequency or extent of discovery when the party seeking the discovery has had an ample opportunity to obtain the information elsewhere. *See Franklin v. Highland Park Police Officer Hollis Smith*, 2016 WL 6652744, at *1 (E.D. Mich. July 7, 2016); *Graves v. Shelby Cnty. Bd. of Educ.*, 2015 WL 13116991, at *3 (W.D. Tenn. Sept. 11, 2015). Guiding either approach is the principle that second depositions are disfavored because of the cost and burden, and because they "provide[ ] the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last." *Id.* "Like most discovery disputes, the availability of a second deposition is left to the discretion of the trial court." *Nellcor Puritan Bennett LLC v. CAS Med. Sys., Inc.*, 2013 WL 3242960, at *3 (E.D. Mich. June 26, 2013) (quotation omitted).

Since Rule 30(a)(2) does not expressly contain a good cause requirement, and courts are not consistently applying a good cause standard, the Court will evaluate the propriety of taking a second deposition pursuant to the limits on discovery under Rule 26(b)(2). In assessing whether to limit the discovery, whether Defendants have shown a need for the second deposition is an important inquiry. *See Graves*, 2015 WL 13116991, at *3.

The Court will not allow a second deposition of Plaintiff.

At the hearing, the Court directed Defendants' counsel to submit supplemental briefing stating what topics he would cover with Plaintiff at a second deposition, and why the testimony on those topics at the first deposition is insufficient. Instead, counsel submitted a document merely listing the topics he would cover. (ECF No. 51). In response, Plaintiff discussed the testimony related to each of those topics to show that the testimony was extensive. (ECF No. 52). Plaintiff's points are well taken. On review of the transcript, Plaintiff's attorney's involvement during Defendants' questioning was not overbearing or unduly disruptive. Plaintiff answered the questions asked when he could. Moments where counsel interjected, for example to tell Plaintiff he could respond that he can't read, while not model counsel behavior, do not appear to detract from Plaintiff's testimony and were not excessive. (*See, e.g.*, ECF No. 40-2, PageID.751-56, the inquiry into the factual bases of the complaint).

A second deposition would yield testimony that is duplicative of many topics Defendants listed in their supplemental brief. That is not the case, however, with Plaintiff's social security number. Defendants want to ask Plaintiff for his social security number, like they did during his first deposition. Plaintiff's counsel would not let him answer that on the record, but offered to give the number at another time, though Plaintiff stated on the record that he has only one social

5

security number. (ECF No. 40-2, PageID.741). His medical records contain his social security number and his counsel stated they would provide the number as well. (ECF No. 52, PageID.891-92). And, in other instances, Defendants had other means to obtain the information. For instance, they listed Plaintiff's mom and former girlfriend among the topics to explore at a second deposition. But there are other discovery tools they could have used, and they could have deposed his mom and former girlfriend. Defendants had other ample other opportunities to obtain the information. For these reasons, the motion is **DENIED**.

    **IT IS SO ORDERED**.

    The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2. The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636.

Date: November 10, 2022          <u>s/Curtis Ivy, Jr.</u>
                                                                       Curtis Ivy, Jr.
                                                                       United States Magistrate Judge